IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60158
Summary Calendar
_____

KATHERINE N. HERRINGTON, Individually and on behalf
of all others similarly situated,

                                        Plaintiff-Appellant,

HELEN P. QUIOVERS, Individually and on behalf of all
others similarly situated,

                                        Appellant,

v.

UNION PLANTERS BANK, NA; UNION PLANTERS BANK OF
MISSISSIPPI, A Corporation,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:98-CV-231-GR
--------------------
July 6, 2001

Before JOLLY, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

    Katherine Herrington and Helen P. Quiovers appeal the

district court's order compelling arbitration and dismissing

their action under the Truth in Savings Act (TISA), 12 U.S.C.

§ 4301.  Union Planters' motion to dismiss the appeal for lack of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

appellate jurisdiction is DENIED. <u>Green Tree Financial Corp.-</u>
<u>Alabama v. Randolph</u>, 121 S. Ct. 513, 521 (2000).

Appellants rely on the Eleventh Circuit's decision in
<u>Randolph</u>, in which that court reversed the district court's
decision to compel arbitration in a Truth in Lending Act (TILA)
case, in support of their argument that the arbitration
provisions in their deposit agreement should not be enforced.
The Supreme Court reversed, stating that the risk that the
plaintiff would be saddled with prohibitive costs was too
speculative to invalidate the arbitration agreement.  121 S. Ct.
at 522.  Likewise, the appellants in this case rely only on
speculative allegations of a risk of prohibitive arbitration
expenses.  This argument is without merit.  <u>Green Tree</u>, 121 S.
Ct. at 522.

Appellants make three arguments regarding why the
arbitration provisions should not be enforced against them.  They
argue that the arbitration provision does not bind them because
they never signed a document agreeing to arbitrate their claims;
that their deposit agreements with Magnolia Federal were never
amended to include an arbitration provision because the terms
"revised" and "amended" are not synonymous; and that TISA grants
them the right to recover punitive damages and that the
arbitration provisions specifically prohibit claims and awards of
punitive damages.

A financial institution's agreements with its customers may
be amended if, following notice of a change in the terms of the
agreement, the customer continues performance under the

agreement.  See Marsh v. First USA Bank, N.A., 103 F.Supp. 909, 915 (N.D. Tex. May 23, 2000) (continued use of credit card after notice of amendments to terms of agreement binding on card user). The customer acknowledgment section of the deposit agreement informed both new and old customers that the terms and conditions of the revised deposit agreement governed their accounts and notified all depositors that they were obligated to the changes specified in the revised deposit agreement if they continued to maintain or use their accounts.  Because appellants continued to use their accounts after notification of the revised deposit agreements, they are bound to arbitrate their dispute with Union Planters.

Appellants do not explain why they contend that there is any meaningful difference between the words "revised" and "amended." It was clear from the cover letter accompanying the enclosed deposit account agreement that their deposit agreements were being modified.  They do not suggest how they were confused by the use of the word "revised" as opposed to "amended," nor do they suggest that they believed that the revised deposit account agreements did not apply to their accounts because it was not specifically described as an "amendment."  The documents in question gave them adequate notice that their deposit account agreements were being changed, and they continued to use their accounts after the effective date of the changes.

TISA does not allow for recovery of punitive damages.  A financial institution liable under TISA can be assessed statutory

damages in any amount between $100 and $1,000, in addition to the actual damages sustained by an individual.  12 U.S.C. § 4310(a)(1), (2)(A).  Because TISA does not authorize recovery of punitive damages, appellants' contention that they are authorized to pursue punitive damages outside of arbitration is without merit.

AFFIRMED; MOTION DENIED.